IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAVIER LOPEZ CANTU, § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. B-00-154 |
| v. § | CRIMINAL NO. B-97-020 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
MOVANT'S SUPPLEMENT TO
MOTION TO VACATE UNDER 28 U.S.C. § 2255; AND,
REQUEST FOR LEAVE TO RESPOND
AND RESPONSE TO MOVANT'S REPLY TO
THE UNITED STATES' ANSWER**

The United States files this response in opposition to the Supplement to Motion under 28 U.S.C. § 2255 filed by Movant, Javier Lopez Cantu ("Cantu) (Doc.174[1]); and, moves this court for leave to respond, and responds to, Movant's Reply to the United States' Answer (doc.173).

Procedural Background

Cantu was indicted on February 3, 1997, in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal No. B-97-20, for conspiring to possess 1000 kilograms or more of marihuana with intent to distribute (count 1), for possessing multi-kilogram quantities of marihuana with intent to

---

[1] Unless otherwise indicated, all references to "Doc." or document are to the documents filed in criminal case number B-97-CR-20.

distribute (counts 2-8) and for conspiring to launder drug proceeds (count 9) in violation of 18 U.S.C. §§ 2 and 1956(h) and 21 U.S.C. §§ 841(a), 841(b)(1)(B), 841(b)(1)(D) and 846 (Doc.1,pp.1-16). The indictment also gave notice of the United States' intent to forfeit property pursuant to 21 U.S.C. § 853 (Doc.1,pp.11-16). The case proceeded to trial and Cantu was convicted of the conspiracy charges and acquitted of the substantive counts (Docs.64,712). The jury also entered a verdict of forfeiture as to 11 properties listed in the indictment (Doc.73).

This court sentenced Cantu to concurrent terms of 360 months confinement on count one and 20 years confinement on count nine (Doc.123). It also ordered Cantu to serve concurrently a five year and a three year term of supervised release, to pay a $20,000 fine and a $200 special assessment (Doc.123). Cantu appealed his conviction and it was affirmed in a published opinion *United States v. Cantu*, 167 F.3d 198 (5th Cir. 1999). His petition for writ of certiorari was denied on October 4, 1999). *Lopez Cantu v. United States*, 528 U.S. 818, 120 S.Ct. 58 (1999) (See Doc.166). His motion under § 2255 was filed one year later on October 4, 2000 (Doc.167). In his motion under § 2255, Cantu raised the following claims:

1. His 360 month sentence was not authorized because the jury was not instructed pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*.

2. This court's jury instructions impermissibly shifted the burden of proof.

3. The indictment was based, in part, on perjured testimony.

4. The pretrial identification of him by witness Mark Miller was tainted by on an impermissibly suggestive procedure.

5. The United States violated *Brady v. Maryland* by withholding exculpatory evidence.

The United States filed its response on February 2, 2001 (Civil Case No. B-00-154,Doc.4). In its response, the United States argued, among other things, that Cantu's *Apprendi* claim was procedurally defaulted and that he had not asserted or demonstrated cause for his default or prejudice (Civil Case No. B-00-154,Doc.4). Cantu now asserts he is supplementing his motion under § 2255 to raise the following claims:

1. He was denied his Sixth Amendment right to assistance of counsel due to his attorney's failure to object this court's jury instructions on the ground that they alleged failed to require the government to prove the conspiracy offense involved 1,000 or more kilograms of marihuana.

2. He was denied his right to assistance of counsel on direct appeal by his attorney's failure to raise the issue of whether the jury was properly charged as to all the necessary elements under count one.

(Doc.174).

## United States' Response in Opposition

### (a) Leave to Amend Should Be Denied

Rule 15(a) of the Rules of Civil Procedure "permits parties to amend their pleadings after a responsive pleading has been served `only by leave of court or by written consent of the adverse party.'" *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). In this circuit, a petitioner under § 2255 has no right to amend his pleadings without leave of court. *Id.* Since Cantu has failed to seek leave of this court to file his supplemental claims, they should be dismissed.

Assuming *arguendo*, that leave to amend is requested, it should be denied. "In 1996, Congress enacted a one-year statute of limitations for post-conviction § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 (`AEDPA')." *Davenport v. United States*, 217 F.3d 1341, 1342 (11th Cir. 2000). It is the newly enacted statute of limitations which distinguishes this case from those cases allowing liberal amendment of motions under § 2255. *See United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999) (distinguishing *Foman v. Davis*, 31 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); and *Riley v. Taylor*, 62 F.3d 86, 91 (3rd Cir. 1995)).

Although the claims raised in Cantu's original § 2255 motion were timely because they were filed within one year of October 4, 1999, the date his petition for

4

writ of certiorari review was denied, his most recent filing alleging new claims (Doc.174) fall outside the one-year statute of limitation of the AEDPA. "[U]nder Fed.R.Civ.P. 15(c), a District Court may, in its discretion, permit an amendment which clarifies or amplifies a claim or theory in a timely filed § 2255 petition after the AEDPA's one-year period of limitations has expired." *United States v. Thomas*, 221 F.3d 430, 438 (3rd Cir. 2000). Such discretion, however, should not be exercised in this case because Cantu's Sixth Amendment claims are new claims; Cantu had not previously challenged counsel's performance.

(b) Counsel's Performance Was Not Deficient

Assuming *arguendo*, that leave is granted by this court to amend Cantu's motion to raise his Sixth Amendment claims, they are meritless. To establish ineffective assistance of counsel, Cantu must show "(1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997). "If, and only if, [the court] ...`adjudge[s] counsel's performance to have been deficient, then [it] ... must determine whether there exists a reasonable probability that but for the complained -of error the outcome of the trial or appeal would have been different." *Id*. (citation omitted).

In evaluating counsel's performance, this court's scrutiny is highly deferential and every effort must be made to "`to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id*. "Competency is measured against what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996). Thus, in *United States v. Smith*, 10 F.3d 724, 728-29 (10th Cir. 1993), the court found counsel's representation to be objectively reasonable despite the attorney's subsequent admission that he was "necessarily ignorant of the consequences of his conduct." The court focused the inquiry into counsel's representation upon an objective standard of reasonableness under all the circumstances. *Id*. at 729. Counsel's purported admission in this case that he provided ineffective assistance of counsel is therefore not determinative of this issue.

The Court of Appeals for the Fifth Circuit has observed there is no general duty on the part of counsel to anticipate changes in the law. *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997). Further, as the Court of Appeals for the Fourth Circuit recently observed, no reasonable jurist would have felt compelled to adopt the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), when only *McMillan v. Pennsyvania*, 477 U.S. 79, 106 S.Ct. 2411 (1986), was the controlling authority on this issue. Here, as in *Green v. Johnson*, 116 F.3d at 1125, counsel was not ineffective for failing to raise a claim at trial or on appeal that was contrary to

existing authority. *See United States v. Hernandez*, ___ F.Supp.2d ___, 2001 WL 339164 *5 (N.D. Ohio March 30, 2001) (appellate counsel's performance did not fall below an objective standard of reasonableness for failing to raise *Apprendi* claims where *Apprendi* decided well after conclusion of defendant's direct appeal).

(c) Cantu Was Not Prejudice By Counsel's Performance

Because counsel's performance was not deficient, this court need not reach the issue of whether Cantu was prejudiced by counsel's omission. *Pitts v. Anderson*, 122 F.3d at 279. In any case, Cantu cannot establish prejudice. A defendant has the burden of demonstrating prejudice to the outcome of his trial. *Earhart v. Johnson*, 132 F.3d 1062, 1067 (5th Cir. 1998). "[T]he right to effective assistance of counsel, both at the trial and appellate level, is recognized not for its own sake, but because of the effect that it has on the ability of the accused to receive a fair trial." *Id.* at 1067-68 (citations and internal quotations omitted). As discussed in the United States' answer, and at pp. 9-12, *infra*, this record supports a finding that Cantu was not prejudiced by any omission in the jury instructions regarding the quantity of marihuana involved in the conspiracy (See Civil Case No. B-00-154: Doc.4,pp.23-26). This record refutes Cantu's claim that he was denied his right to effective assistance of counsel at trial or on appeal.

7

## Motion for Leave to Respond

The United States seeks leave to file a short response to Cantu's reply to the United States answer. As grounds for said request, the United States submits that new authority exists to support its position that Cantu's *Apprendi* claim is not cognizable under the *Teague* rule; and, such leave is necessary to reply to Cantu's arguments that the United States never argued he did not have a proper *Apprendi* claim; that the jury was confused by the court's instructions; and that the United States misstated the record.

## United States' Response to Cantu's Reply To the United States Answer to Motion under § 2255

In his reply, Cantu states that the United States never argued that he does not have a proper claim pursuant to *Apprendi v. New Jersey* (Doc.173). In its answer, the United States argued that his *Apprendi* claim is not cognizable under *Teague v. Lane*; that it was procedurally defaulted; and, that Cantu had failed to allege cause and/or prejudice (Civil Case No. B-00-154: Doc.4,pp.19-26). If this court were to conclude that Cantu's claim is cognizable; and, that it was not procedurally defaulted based on his newly filed allegations of ineffective assistance of counsel, the United States respectfully submits that, for the same reason Cantu cannot demonstrate prejudice under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982) (See Civil Case

No. B-00-154: Doc.4,pp.23-26), he cannot demonstrate plain error. *See United States v. Alfonso DeLeon*, ___ F.3d ___, (5th cir. April 24, 2001) (claim of *Apprendi* error for plain error when raised for first time on appeal); *United States v. Slaughter*, 238 F.3d 580, 583 (5th Cir. 2000) (*Apprendi* error can be harmless (citing *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 1839 (1999)).

Cantu also argues in this reply to the United States' answer that the cases the United States' relies on are insufficient to demonstrate that he falls outside the second exception to the *Teague* rule. Recently, however, the Court of Appeals for the Fourth Circuit explained at length why those cases, as well as other relevant authority, compels the conclusion that *Apprendi* does not fall within that exception and therefore does not apply retroactively on collateral review. *United States v. Sanders*, ___ F.3d ___, 2001 WL 369719 *7-9 (4th Cir. April 13, 2001). Based on this authority, as well as the argument and authority in the United States' answer, the United States submits that Cantu's *Apprendi* claim is not cognizable in this proceeding, even if he could demonstrate both cause and prejudice.

In his reply to the United States' answer, Cantu also argues that the record demonstrates that the jury was confused over this court's instructions as it related to the count one (See Doc.138,pp.1461-74) and therefore the record demonstrate error under *Apprendi* and prejudice to his substantial rights. To the extent the record

9

demonstrates confusion on the part of the jury, that confusion had no bearing on the issue of whether the instructions given were adequate to avoid affecting Cantu's substantial rights in relation to the quantity of drugs involved in the charged conspiracy. See United States's answer: Civil Case No. B-00-154, Doc.4,pp.23-26). The jury's inquiry related to the difference between the substantive counts and the conspiracy; and, this court's explanation of the difference in elements of those offenses, which did not in any way turn on the quantity of drugs involved (Doc.138,pp.1461-74), apparently eliminated that confusion. After hearing this court's supplemental instructions (which are not set out here in full), the spokesperson for the jury stated that there was no longer any confusion:

> JUROR: That's where the confusion was. We thought how can he be found innocent of Count 2, 3, 4, 5 and 6 and then be found guilty of Count Number 1 when all those other counts are included in the overt acts of Count Number 1.
>
> THE COURT: Well, each count alleges a separate offense. The elements of a conspiracy to possess with intent to distribute marijuana are not the same elements as the substantive count, possession with intent to distribute marijuana.
>
> JUROR: Okay.
>
> THE COURT: Do you follow that?
>
> JUROR: I think so. In reference to the conspiracy, we haven't really gotten into that yet.

THE COURT: Okay. And do you need any further instructions on the law of conspiracy?

And, remember, that he is charged in Count Number 1 with the conspiracy alleged in Count Number 1 and no other conspiracy alleged in Count Number 1. All right. Any other questions?

JUROR: Not now, sir.

THE COURT: Beg your pardon?

JUROR: Not now, sir.

THE COURT: Okay. Remember, emphatically, each count is a – is to be considered separately and independently and apart from all other counts. The fact that you find a person guilty of one count should not control your verdict as to any other count. You understand. But you must be satisfied before you find the defendant guilty of any count by proof beyond a reasonable doubt of all the elements that constitute an offense under the count that you have under consideration. And if you are not satisfied that it has been proven beyond a reasonable doubt, you should find the defendant not guilty, you understand, of all the elements.

Did that help you?

JUROR: Yes.

(Doc.138,pp.1472-74). On this record, the fact of the jury's acquittal on the substantive counts demonstrates, at best, that they believed that the elements of the conspiracy had been proved and that the elements of the substantive offenses had not been proved. The difference between the two offenses, as this court explained it its instructions (Doc.137,pp.1324-26, 1329-35; Doc.138,pp.1461-74), was that a

11

conspiracy requires an agreement to possess marihuana with intent to distribute and the substantive offenses require the defendant to have possessed the marihuana. The fact of acquittal on the substantive charges therefore does not diminish the effectiveness of the requirement imposed by this court in relation to the conspiracy charge that they could only convict Cantu of the conspiracy charged in the indictment (and not some other conspiracy), which was a conspiracy to possess in excess of 1000 kilograms of marihuana with intent to distribute.

Finally, Cantu contends in his reply to the United States' answer that the United States misstated the record by stating the he did not disagree there was evidence presented as to 10,300 kilograms of marihuana being involved in the conspiracy and that he did not put on evidence at sentencing to dispute the district court's finding of this quantity. He argues that his objection based on his acquittal on the substantive offenses constitutes a disagreement or dispute regarding the evidence presented. The jury's acquittal, however, does not constitute substantive evidence; and, the United States maintains its position that Cantu never pointed to evidence contrary to this court's finding regarding the quantity of marihuana involved in the conspiracy.

## Conclusion

Since Cantu has not obtained leave to raise his supplemental claims, they should be dismissed. In any case, as demonstrated above and in the United States' original answer, the record refutes his claim that he was denied his right to effective assistance of counsel at trial or on appeal. In addition, based on the above argument and authority, as well as the argument and authority in the United States' original answer, Cantu's *Apprendi* claim is not cognizable; is procedurally barred; and, does not rise to the level of plain error. Based on the foregoing, as well as the argument and authority in the United States original answer, Cantu's motion under § 2255 should be denied.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

_Ricardo Lara_ FOR:
KATHLYN G. SNYDER
Assistant United States Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129
(713) 567-9368
TBA No. 07839300

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Kathlyn G. Snyder, Assistant United States Attorney, certify that a copy of the above Response in Opposition to Movant's Supplement to Motion to Vacate Under 28 U.S.C. § 2255; and, Request for Leave to Respond and Response to Movant's Reply to the United States' Answer has been mailed on April 27, 2001, to:

Chris Flood
914 Preston Avenue, Suite 800
Houston, Texas 77002

*Ricardo Lara* FOR:
KATHLYN G. SNYDER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JAVIER LOPEZ CANTU,  Petitioner, | § § § CIVIL ACTION NO. B-00-154 |
| v. | § CRIMINAL NO. B-97-020 |
| UNITED STATES OF AMERICA,  Respondent. | § § § |

## ORDER

Pending before this court is the United States' Motion for Leave to Respond to Movant's Reply to its Answer. After having considered same, this court is of the view that the motion should be granted for the reasons set out in the United States' motion.

Signed at Brownsville, Texas this _____ day of ____ 2001.

_____
JOHN WILLIAM BLACK
UNITED STATES MAGISTRATE JUDGE

15