IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

*United States District Court*
*Southern District of Texas*
**FILED**
APR 13 2001
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. B-97-CR-20 |
| | § | |
| JAVIER LOPEZ CANTU | § | B-00-154 |

Name of Movant: Javier Lopez Cantu
Prisoner No.: 74613-079
Place of Confinement: U.S.P. Beaumont, Beaumont, Texas 77720-6040

### MOVANT'S SUPPLEMENT TO MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, FILED OCTOBER 4, 2000

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JAVIER LOPEZ CANTU, Movant, by and through his attorney of record, Chris Flood, and after filing his motion under 28 USC § 2255 to vacate, set aside, or correct sentence by a person in federal custody, and reviewing the Government's answer to the same, files the following supplement to his original motion:

#### SUPPLEMENTAL ISSUE NO. 1

**Movant was denied his Sixth Amendment right to effective assistance of counsel by his trial counsel's failure to object to the trial court's improper instructions to the jury, alleviating the requirement that the Government prove 1,000 or more kilograms of marijuana beyond a reasonable doubt.**

## SUPPLEMENTAL ISSUE NO. 2

**Movant was provided ineffective assistance of counsel on appeal by counsel's failure to raise on direct appeal the trial court's failure to properly charge the jury as to all the necessary elements which needed to be proven in order to convict Movant of Count I of the indictment.**

(Because these issues are so closely related, they will be grouped together for a single discussion.)

    1.    While preparing Movant's Response to the Government's answer to his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody, it has become apparent to Movant's counsel that he provided ineffective assistance of counsel during trial. Specifically, counsel failed to object to the trial court's erroneous instruction to the jury wherein the Court failed to require the Government to prove 1,000 kilograms or more of marijuana as the object of the conspiracy before Movant could have been found guilty by the jury. This issue is not precluded from review at this juncture because Movant can satisfy the two-prong test approved by the Supreme Court in *United States v. Frady*, 456 U.S. 152, 102 S.Ct 1584 (1982). The first prong of *Frady*, "the cause," is self-evident by Movant's issue no. 2. Movant's trial counsel not only provided ineffective assistance of counsel at trial, but ineffective assistance of counsel on appeal. The actual prejudice is equally self-evident because, but for counsel's deficient performance, it is reasonable to believe that the outcome of Movant's trial would have been different if the jury had been required to find the necessary element of 1,000 or more kilograms in order to find Movant guilty of Count I. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984) This is even more self-evident by the fact that the jury acquitted Movant of all the substantive counts, leaving approximately eight kilograms of marijuana as the

-2-

remaining overt acts alleged in Count I. Counsel's ineffective assistance deprived Movant of his Constitutional right to Due Process.

WHEREFORE, Movant prays that this Court will supplement his previously filed motion to vacate and set aside his judgment and sentence, and after hearing the same order that Movant's judgment be vacated and that Movant be brought back before this Court for further proceedings, if any.

Respectfully submitted,

FLOOD & FLOOD

_____
Chris Flood
914 Preston Avenue, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 (Fax)
State Bar No. 07155700
Federal I.D. No. 9929
**Attorney for Movant**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Supplement to Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** has been served on Jody Young, Assistant United States Attorney, by mailing same to 600 E. Harrison #201, Brownsville, Texas 78520, on April _12_, 2001.

_____
Chris Flood