IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 13 2001
Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| VS. | §   CRIMINAL NO. B-97-CR-20 |
| JAVIER LOPEZ CANTU | § |

B-00-154

Name of Movant:        Javier Lopez Cantu
Prisoner No.:          74613-079
Place of Confinement:  U.S.P. Beaumont, Beaumont, Texas 77720-6040

### MOVANT'S REPLY TO THE UNITED STATES OF AMERICA'S ANSWER TO MOVANT'S MOTION TO VACATE UNDER 28 USC § 2255 AND BRIEF

NOW COMES JAVIER LOPEZ CANTU, Movant, by and through his attorney of record, Chris Flood, and files this reply to the United States of America's Answer to his Motion under 28 USC § 2255, saying more particularly for cause as follows:

**MOVANT'S RESPONSE REGARDING *APPRENDI* AND *TEAGUE*:**

The Government in its answer argues that the Jury understood their duties and the Court's instruction. However, a review of Document 138, p. 1461-1474, reveals the jury's concern and confusion over the court's instruction regarding Count I, the conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. Beginning on page 1461, the court responds to a jury question asking for clarification regarding substantive counts and conspiracies. It is clear from a review of the exchange between the jury and the court that the jury had already acquitted Movant of the substantive counts and were inquiring whether that in turn meant that they should find Movant not guilty of the conspiracy count. The court had every opportunity to correctly re-charge the jury that before Movant could be found guilty of Count I they would have to find

Defendant guilty of the requisite 1,000 kilograms but failed to do so. In light of the jury's decision to acquit Movant on all the substantive counts, and due to the erroneous instructions by the trial court, the jury convicted Movant of Count I, even though they never made any determination of any amount of marijuana.

The Government again misstates the record on appeal wherein the Government's answer includes the following language on page 25:

> "Immediately after the parties rested and the jury began its deliberations, this court made a finding from the evidence presented at trial that Cantu was involved with 10,300 kilograms of marijuana during the course of the conspiracy (Doc. 138, pp. 1441-45). Cantu did not disagree that there was evidence presented as to this quantity; and, at sentencing did not present evidence to dispute this finding as to quantity. (Doc. 138, p. 1445; Doc.140, pp. 5-6).

In Defendant's objections to the pre-sentence investigation report, Defendant objected to the relevant conduct in light of the jury's acquittal of Movant on the substantive counts. (Doc.100, p. 1). In his objections Movant expresses concern that the jury found Movant guilty of the conspiracy count, even though the only relevant conduct attributable to him was 2.2 kilos of marijuana on March 29, 1985 and 5.7 kilos on December 16, 1987, approximately 8 kilos of marijuana total. The statement that Movant did not disagree that there was more than 1,000 kilograms of marijuana involved in the conspiracy and did not present evidence to dispute that finding is wrong.

It should also be noted that the Government never argues that Defendant does not have a proper claim pursuant to *Apprendi v. New Jersey*[1]. The Government does, however, argue that Defendant is precluded from making this claim by what is commonly known as the *Teague* rule.

---

[1] *Apprendi v. New Jersey*, 526 U.S. 227, 120 S.Ct. 2348, 143 L.Ed.2d 311 (1999)

2

*See Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075 (1979). *Teague* states, simply, that new procedural rules will not be applied retroactively unless they meet one of two exceptions. The second exception, applicable here, states that when a new law is announced it will be applied retroactively when its application is "essential to the fundamental fairness of a criminal proceeding." *See O'Dell v. Netherland*, 521 U.S. 151, 167 (1997).

The Supreme Court in *Apprendi* states that at stake in their decision are "constitutional protections of surpassing importance." *Apprendi*, 120 S.Ct at 2355. Numerous courts have agreed and held the rule announced in *Apprendi* meets the second exception to *Teague* and should therefore be applied retroactively. *See Reynolds v. Cambra*, 2001 WL 314628 (C.D. Cal.)(Holding that *Apprendi* announced "watershed" rule which was an exception to the *Teague* rule.); *Hoffman v. Arave* ___ F.3d. ___, 2001 WL 6719 (9th Cir.2001) (Pregerson, J. concurring) (holding *Apprendi* is a "bedrock right" within the meaning of the second *Teague* exception.); *United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn.2000) (*Apprendi* announced a rule of watershed importance falling under the second exception to the *Teague* nonretroactivity principle and applying the rule to a motion pursuant to 28 U.S.C. § 2255) and *Darity v. United States*, 124 F.Supp.2d 355 (W.D.N.C. 2000)(granting motion under § 2255 and holding that *Apprendi* should be applied retroactively).

Prior to *Apprendi*, the amount of controlled substances was found by a preponderance of the evidence by the court and considered to be a sentencing determination. However, the Supreme Court, relying on *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, clarified their position, finding that the amount of controlled substance is an element of the offense which needed to be alleged and proven beyond a reasonable doubt. In the present case, the indictment alleged 1,000

or more kilograms of marijuana; however, the court, in its instructions to the jury on at least two occasions, did not require the jury to find that element beyond a reasonable doubt. The failure of the Trial Court to properly instruct the jury on their duty on two different occasions violated the holding of *Apprendi,* violated Movant's right to Due Process and detrimentally affected the fundamental fairness of Movant's trial.

The United States' reliance in its answer on *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995), is unfounded. *Gaudin* dealt with the materiality of certain items which may be proven to a judge rather than a jury. It did not deal with essential elements of a crime that must be proven beyond a reasonable doubt by a jury. Additionally, *Apprendi* specifically cites *Gaudin* for the proposition that the Fifth and Sixth Amendments to the Unites States Constitution require that a jury determine a defendant's guilt, beyond a reasonable doubt, of every element charged.

Additionally, the Government's reliance on the Ninth Circuit's decision in *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000) is inapposite. The *Jones* court clearly states they are applying the *Apprendi* rule to "the omission of certain necessary elements from the state court information," which is not the issue in the present case. The Government's reliance on *In Re Tatum,* 233 F.3d 857 (5th Cir. 2000) is similarly distinguishable. *Tatum* dealt with a defendant's motion for authorization to file a successive 28 U.S.C. § 2255 motion after filing "a number" of previous § 2255 motions. The Court in *Tatum* held that a petitioner would not be able to file a <u>successive</u> § 2255 motion based solely on *Apprendi.*

4

### CAUSE AND "ACTUAL PREJUDICE" UNDER *FRADY* [2]

In regards to his claim under *Apprendi*, Movant asserts that he did object to the improper instruction to the jury both at the time of the instruction and when the jury asked a question regarding their verdict. Additionally, Movant objected to the amounts of Marijuana contained in the Pre-Sentence Investigation Report. Movant's direct appeal was completed when the *Apprendi* case was decided and Movant was logically precluded from bringing this claim previously. Furthermore, Movant was actually prejudiced by having been sentenced for a crime he was never convicted of, in violation of his Constitutional Rights.

Regarding Roy Cantu's false statements to the Grand Jury, Movant asserts that the affidavit of Roy Cantu was not made until September 29, 2000, after the termination of Movant's direct appeal. Clearly, that is an external impediment that prevented Movant from raising this claim. *See McCluskey v. Zant*, 499 U.S. at 497, 111 S.Ct. at 1472. Movant can also show actual prejudice by the presentation of false testimony to the grand jury. A defendant has a Constitutional right to the presentment of an indictment to a grand jury. Due process dictates that such indictment cannot stand on perjured testimony.

---

[2] *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584 (1982)

WHEREFORE, Movant prays that the Court order a hearing on his motion to vacate and set aside his judgment and sentence, and after hearing the same order that Movant's judgment be vacated and that Movant be brought back before this Court for further proceedings, if any.

Respectfully submitted,

FLOOD & FLOOD

*/s/ Chris Flood by CF*

Chris Flood
914 Preston Avenue, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 (Fax)
State Bar No. 07155700
Federal I.D. No. 9929
**Attorney for Movant**

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Movant's Reply to the United States Of America's Answer to Movant's Motion to Vacate Under 28 USC § 2255 and Brief** has been served on Jody Young, Assistant United States Attorney, by mailing same to 600 E. Harrison #201, Brownsville, Texas 78520, on April 12, 2001.

_____
Chris Flood

7