1c

United States District Court
Southern District of Texas
ENTERED

JAN 22 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
for the Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| **Javier Lopez Cantu,** | § | |
| *petitioner,* | § | |
| | § | 1:00cv154 |
| v. | § | |
| | § | 1:97cr020 |
| **United States of America,** | § | |
| *respondent.* | § | |

## Order Granting Certificate of Appealability

On 17 July, 2001, this Court denied Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a Person in federal custody. On 26 July, 2001, Petitioner filed his notice of appeal. And on 1 October, 2001, Petitioner filed his application for a certificate of appealability.

In Petitioner's application for certificate of appealability, he asserts that he was denied his constitutional due process rights because 1) a jury did not find every element of his offense beyond a reasonable doubt and 2) his indictment was based on perjured testimony. In order to issue a certificate of appealabitlity ("Certificate"), *the petitioner must make* a substantial showing of the denial of a constitutional right. *Alexander v. Johnson*, 211 F.3d 895, 896 (5th Cir. 2000). With respect to Petitioner's second assertion, petitioner has failed to do so.

With respect to Petitioner's second assertion, Petitioner contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) and *United States v. Meshack*, 244 F.3d 367, 367-68 (5th Cir. 2001) support his first assertion. This Court agrees the cases mentioned above, although not conclusive, do support the Petitioner's first assertion. The question, however, arises whether *Apprendi* can be applied retroactively. The Fifth Circuit Court of Appeals has not definitively ruled on this issue. *See United States v. Clark*, 260 F.3d 382, 382 (5th Cir. 2001) (remanding the defendant-appellant's case for reconsideration in light of *Apprendi*). And the United States District Courts that have addressed the issue are in conflict. *Compare, e.g., Clark v. United States*, No. A97CA337SS, p. 9 (2001 W.D. 2001) (holding that *Apprendi* is substantive in nature and does apply retroactively), *with Gonzales v. United States*, 159 F. Supp. 2d 555, 558-60 (S.D. Tex. 2001) (holding that *Apprendi* does not apply retroactively). Therefore, this Court grants Petitioner a Certificate as to whether *Apprendi* can be applied retroactively and if it can, whether Petitioner is entitled to relief because the jury did not find every element of his offense beyond a reasonable doubt.

Signed this the 10th day of January 2002, ~~2001~~, at McAllen, Texas

The Honorable Filemon B. Vela