IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40861
Conference Calendar

U.S. COURT OF APPEALS
FILED
DEC 1 2 2002
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER LOPEZ CANTU,

Defendant-Appellant.

United States District Court
Southern District of Texas
FILED
FEB 0 7 2003
Michael N. Milby
Clerk of Court

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CV-154
USDC No. B-97-CR-20-1
--------------------

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Lopez Cantu, federal prisoner # 74613-079, appeals the district court's denial of his 28 U.S.C. § 2255 motion, in which he challenged his 1996 sentence for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. Cantu argues that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because the jury was not instructed to find a drug quantity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 01-40861
-2-

The district court granted Cantu a certificate of appealability ("COA") because this court had not yet addressed whether <u>Apprendi</u> can be applied retroactively to an initial 28 U.S.C. § 2255 motion. This court recently concluded that <u>Apprendi</u> does not apply retroactively to cases on initial collateral review. <u>See</u> <u>United States v. Brown</u>, 305 F.3d 304, 310 (5th Cir. 2002). In <u>Brown</u>, we stated that "<u>Apprendi</u> creates a new rule of criminal procedure which is not retroactively applicable to initial petitions under [28 U.S.C.] § 2255." <u>Id.</u> Therefore, Cantu's <u>Apprendi</u> claim fails.

Cantu also argues that his trial and appellate counsel rendered ineffective assistance. We do not reach these issues because Cantu has not expressly sought to expand the district court's grant of COA to include them. <u>See</u> <u>United States v. Kimler</u>, 150 F.3d 429, 431 (5th Cir. 1998)(party must expressly seek a COA on additional issues not certified by the district court).

AFFIRMED.