United States District Court
Southern District of Texas
FILED

OCT 10 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA, )
)
vs. ) CRIMINAL NO. B-97-CR-20
)
JAVIER LOPEZ CANTU. )

PETITIONER'S MOTION FOR GRANT OF LEAVE TO FILE FOR COA
28 U.S.C. §2253(c))(2)

NOW INTO COURT, JAVIER LOPEZ CANTU, petitioner by pro se representation and does here before the Honorable Court Move for Grant of Leave for Enlargement of Time to Move for "COA" F.R.Civ.P., Rule 6(b) for good cause shown. Cantu is a prisoner at the Federal Correctional Institution at El Reno, Oklahoma.

1. On December 12, 2002, the United State Court of Appeals for the Fifth Circuit ruled on appeal of Cantu's 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody. The panel ruling on only one issue, affirming.

2. In the Fifth Circuit Panel's ruling, the panel cited the fact that they were unable to reach the claim(s) for ineffective assitance of counsel,"[b]ecause Cantu has not expressly sought to expand the district court's grant of COA to include them." [Cf. EXHIBIT A, p.2, ¶2].

3. On December 19, 2002, Cantu was confined to isolation at FCI Beaumont, Texas, due to a disturbance that had occurred at the facility on December 18, 2002. [Cf. EXHIBIT B] Thus, Cantu was isolated from all means of adequately pursuing the object of securing the necessary "COA" to allow the Fifth Circuit panel to



reach the issues of ineffective assistance of counsel. Cantu remained in status lock-down through August 11, 2003, and thereafter it was August 19, 2003, before Cantu recieved his property including his legal work from FCI Beaumont. [Cf. EXHIBITS B, C, D, E]

4. Cantu has been unable to proceed to request the necessary "COA" through no fault of his own, unable to access the courts due to the limitations placed upon him by prison officials. Now that he has access to the necessary means, and counsel has had the necessary time to forward the necessary additional documentation, he has been diligent in pursuing the remedy of securing the necessary 28 U.S.C. §2253(c)(2) "COA".

5. THEREFORE, in good faith and for good cause shown, Cantu is now before the district court requesting Grant of Leave, Enlargement of Time to proceed on §2253(c)(2) request for "COA", and all remedy as the district court deems in the interest of justice.

*[signature]*
Javier Lopez Cantu, pro se
C/o [ #74613-079 ]
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036-1500

## CERTIFICATE OF SERVICE

The undersigned does here and now affirm and attest under penalty of perjury that a true, correct and complete presentment of PETITIONER'S MOTION FOR GRANT OF LEAVE TO FILE FOR COA 28 U.S.C. §2253(c)(2) has been presented by placing the same in the U.S. Mail "Speical" mail drop box postage prepaid and affixed this 15 day of September, 2003, to the following:

JAMES L. TURNER
Asst. U.S. Attorney
P.O. Box 61129
Houston, TX  77208-1129

Office of the Clerk
UNITED STATES DISTRICT COURT
Southern District of Texas
600 E. Harrison, Suite 201
Brownsville, TX  78520

_____
Affirming

**EXHIBIT "A"**

## United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

DEC 1 2 2002

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW
Regarding: Fifth Circuit Statement on Petitions for Rehearing or
Rehearing En Banc

    No. 01-40861 USA v. Cantu
    USDC No.  B-00-CV-154
                 B-97-CR-20-1

-----------------------------------------------------

Enclosed is a copy of the court's decision. The court has entered judgment under FED. R. APP. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

FED. R. APP. P.'s 39 through 41, and 5TH CIR. RULES 35, 39, and 41 govern costs, rehearings, and mandates. **5TH CIR. RULES 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following FED. R. APP. P. 40 and 5TH CIR. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>. 5TH CIR. R. 41 provides that a motion for a stay of mandate under FED. R. APP. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under FED. R. APP. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

                              Sincerely,

                              CHARLES R. FULBRUGE III, Clerk

                              By: *Deborah M. Graham*
                              Deborah M. Graham, Deputy Clerk

RECEIVED
DEC 1 6 2002

**EXHIBIT "A"**

EXHIBIT "A"

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40861
Conference Calendar

U.S. COURT OF APPEALS
FILED
DEC 1 2 2002
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

United States District Court
Southern District of Texas
FILED
FEB 0 7 2003
Michael N. Milby
Clerk of Court

versus

JAVIER LOPEZ CANTU,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CV-154
USDC No. B-97-CR-20-1

---

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Javier Lopez Cantu, federal prisoner # 74613-079, appeals the district court's denial of his 28 U.S.C. § 2255 motion, in which he challenged his 1996 sentence for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. Cantu argues that his sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the jury was not instructed to find a drug quantity.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

RECEIVE
FEB 14 2003

EXHIBIT "A"

**EXHIBIT "A"**

No. 01-40861
-2-

The district court granted Cantu a certificate of appealability ("COA") because this court had not yet addressed whether <u>Apprendi</u> can be applied retroactively to an initial 28 U.S.C. § 2255 motion. This court recently concluded that <u>Apprendi</u> does not apply retroactively to cases on initial collateral review. <u>See</u> <u>United States v. Brown</u>, 305 F.3d 304, 310 (5th Cir. 2002). In <u>Brown</u>, we stated that "<u>Apprendi</u> creates a new rule of criminal procedure which is not retroactively applicable to initial petitions under [28 U.S.C.] § 2255." <u>Id.</u> Therefore, Cantu's <u>Apprendi</u> claim fails.

Cantu also argues that his trial and appellate counsel rendered ineffective assistance. We do not reach these issues because Cantu has not expressly sought to expand the district court's grant of COA to include them. <u>See</u> <u>United States v. Kimler</u>, 150 F.3d 429, 431 (5th Cir. 1998)(party must expressly seek a COA on additional issues not certified by the district court).

**AFFIRMED.**

**EXHIBIT "A"**

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

EXHIBIT "A"

No. 01-40861
Conference Calendar

D.C. Docket No. B-00-CV-154
B-97-CR-20-1

U.S. COURT OF APPEALS
**FILED**
DEC 1 2 2002
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

JAVIER LOPEZ CANTU

    Defendant - Appellant

United States District Court
Southern District of Texas
FILED
FEB 0 7 2003
Michael N. Milby
Clerk of Court

Appeal from the United States District Court for the
Southern District of Texas, Brownsville.

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: FEB 0 4 2003

RECEIVED
FEB 1 4 2003

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____ Deputy
New Orleans, Louisiana

EXHIBIT "A"

FEB 0 4 2003

| BP-S308.052 | ADMINISTRATIVE DETENTION ORDER | CDFRM MAY 94 |
|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS |

EXHIBIT "B"                **INMATE COPY**                FCI BEAUMONT, TX.
                                                            Institution

Date/Time: DECEMBER 19, 2002 / 11:00 a.m.

TO:      Special Housing Unit Officer

FROM: K.T. HANCOCK., Lieutenant     (Name/Title)          116

SUBJECT: Placement of  CANTU, JAVIER   UNIT # 74613-079 , in Administrative Detention

_____(a)  Is pending a hearing for a violation of Bureau regulations;

  XXXX  (b)  Is pending investigation of a violation of Bureau regulations;

_____(c)  Is pending investigation or trial for a criminal act;

_____(d)  Is to be admitted to Administrative Detention

         _____ (1) Since the inmate has requested admission for protection;

         I hereby request placement in Administrative Detention for my own protection.

         Inmate Signature/Register No.: _____

         Staff Witness Printed Name Signature: _____

_____ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____(e)  Is in Holdover status pending.

_____(f)  Is pending a Captains Review.

_____(g)  Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention Pending transfer by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

**YOU ARE BEING PLACED IN ADMINISTRATIVE DETENTION IN KA UNIT PENDING AN INVESTIGATION INTO YOUR INVOLVEMENT IN THE DISTURBANCE THAT TOOK PLACE ON DECEMBER 18, 2002.**

**THIS TYPE OF DISRUPTIVE BEHAVIOR SEVERELY THREATENS THE SECURITY AND ORDERLY RUNNING OF THE INSTITUTION AND WILL NOT BE TOLERATED.**

The inmate received a copy of this Order on (date / time) DECEMBER 19, 2002 / 11:35 a.m.

Staff Witness Signature/Printed Name _____ Date DECEMBER 19, 2002
*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.
Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status);
Copy - Captain;
Copy - Unit Manager;
Copy - Operation Supervisor - Administrative Detention Unit;
Copy - Central File
(This form may be replicated via WP)                                     Replaces BP-308(52) of JAN 88

                                     EXHIBIT "B"