IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSIVILLE DIVISION

United States District Court
Southern District of Texas
FILED
OCT 10 2003
Michael N. Milby, Clerk of Court

UNITED STATES OF AMERICA. )
)
vs. ) CRIMINAL NO. B-97-CR-20
)
JAVIER LOPEZ CANTU. )

PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY
(COA) 28 U.S.C. §2253(c)(2) EXPANDED TO SUPPLEMENTAL ISSUES

NOW INTO COURT. JAVIER LOPEZ CANTU, petitioner by pro se representation and does here before the Honorable Court Move for Certificate of Appealability (COA) 28 U.S.C. §2253(c)(2) Expanded to the Supplemental Issues supplemented to Cantu's Motion Under 28 U.S.C. §2255 To Vacate. Set Aside, or Correct Sentence By A Person In Federal Custody, filed October 4, 2000. Cantu remains in federal custody.

1. On April 12, 2001, Counsel Chris Flood for Cantu submitted Movant's Supplement To Motion Under 28 U.S.C. §2255 to Vacate Set Aside, or Correct Sentence Thereafter, on January 1, 2002 the district court Ordered COA granted.

2. The United States Court of Appeals for the Fifth Circuit docketed the Appeal No. 01-40861 and ruled on Issue Number 1 Affirming on December 12, 2002, [Exhibit A] The Panel cited the fact that they did not reach the issues as to ineffective assistance of appellate counsel stating "[b]ecause Cantu has not expressly sought to expand the district court's grant of COA to include them." Citing United States v Kimler. 150 F 3d 429.431 (5th Cir 1998).

16

3   This motion is accompanied by Cantu's Motion For Grant of Leave to File For "COA" 28 U S C. §2253(c)(2) for cause F R.Civ.P., Rule 6(b)(2) for cause of prisoner deprivation of access to the court   Though petitioner's Appeal was ruled on by the Fifth Circuit on December 12, 2002, Cantu through no fault of his own was confined to isolation on Order December 19, 2002, at 11:35 a.m. while in custody at the Federal Correctional Institution (FCI) at Beaumont, Texas [Exhibit B].

4   Cantu is now in good faith before the district court and for good cause shown seeking "COA" for the issues of:

### ISSUE NO. I

> Movant was denied his Sixth Amendment right to effective assistance of counsel by his trial counsel a failure to object to the trial court's improper instructions to the jury alleviating the requirement that the Government prove 1,000 or more kilograms of marijuana beyond a reasonable doubt.

### ISSUE NO. II

> Movant was provided ineffective assistance of counsel on appeal by counsel's failure to raise on direct appeal the trial court's failure to properly charge the jury as to all the necessary elements which needed to be proven in order to convict Movant of Count I of the indictment.

(Because these issues are so closely related, they will be grouped together for a single discussion.)

5.   While preparing Cantu's Response to the Government's answer to his motion under 28 U.S C. §2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody, it became apparent to Movant's counsel that he provided ineffective assistance of counsel during trial. Specifically, counsel failed to object to the trial court's erroneous instruction to the jury

wherein the Court failed to require the Government to prove 1,000 kilograms or more of marijuana as the object of conspiracy before Cantu could have been found guilty by the jury. This issue is not precluded from review at this juncture because Cantu can satisfy the two prong test approved by the Supreme Court in United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584 (1982). The first prong of Frady, "the cause." is self-evident because, but for counsel's deficient performance, it is reasonable to believe that the outcome of Cantu's trial would have been different if the jury had been required to find the necessary element of 1,000 or more kilograms in order to find Cantu guilty of Count 1. Cf. Strickland v. Washington, 466 U.S.668, 104 S.Ct. 2052 (1984). This is even more self-evident by the fact that the jury acquited Cantu of all the substantive counts, leaving approximately eight kilograms of marijuana as the remaining overt acts alleged in Count 1. Counsel's ineffective assistance deprived Cantu of his Consitutional right to Due Process.

6. THEREFORE, Cantu is before the district court for good cause shown requesting "COA" as the issues set forth before the court. Cantu requests "COA" and further all right and remedy as the court may provide.

*/s/ Javier Cantu*
Javier López Cantu, pro se
C/o [ #74613-079
Federal Correctional Institution
P.O. Box 1500
El Reno, OK  73036-1500

## CERTIFICATE OF SERVICE

The undersigned does here and now affirm and attest under penalty of perjury that a true, correct and complete presentment of PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (COA) 28 U.S.C. §2253(c)(2) EXPANDED TO SUPPLEMENTAL ISSUES has been presented by placing the same in the U.S. Mail "Special" drop box postage prepaid and affixed this 15 day of September, 2003, to the following:

JAMES L. TURNER
Asst. U.S. Attorney
P.O. Box 61129
Houston, TX  77208-1129

Office of the Clerk
UNITED STATES DISTRICT COURT
Southern District of Texas
600 E. Harrison, Suite 201
Brownsville, TX  78520

_____
Affirming

EXHIBIT "A"

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 CAMP STREET
NEW ORLEANS, LA 70130

DEC 12 2002

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW
Regarding: Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

   No. 01-40861 USA v. Cantu
   USDC No. B-00-CV-154
           B-97-CR-20-1

----------------------------------------

Enclosed is a copy of the court's decision. The court has entered judgment under FED. R. APP. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

FED. R. APP. P.'s 39 through 41, and 5TH CIR. RULES 35, 39, and 41 govern costs, rehearings, and mandates. 5TH CIR. RULES 35 and 40 **require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following FED. R. APP. P. 40 and 5TH CIR. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>. 5TH CIR. R. 41 provides that a motion for a stay of mandate under FED. R. APP. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under FED. R. APP. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

                              Sincerely,

                              CHARLES R. FULBRUGE III, Clerk

                              By: _Deborah M. Graham_
                                  Deborah M. Graham, Deputy Clerk

RECEIVED
DEC 16 2002

EXHIBIT "A"

EXHIBIT "A"

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40861
Conference Calendar

U.S. COURT OF APPEALS
F I L E D
DEC 1 2 2002
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

United States District Court
Southern District of Texas
FILED
FEB 0 7 2003
Michael N. Milby
Clerk of Court

versus

JAVIER LOPEZ CANTU,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CV-154
USDC No. B-97-CR-20-1
--------------------

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Javier Lopez Cantu, federal prisoner # 74613-079, appeals the district court's denial of his 28 U.S.C. § 2255 motion, in which he challenged his 1996 sentence for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. Cantu argues that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because the jury was not instructed to find a drug quantity.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

RECEIVE
FEB 14 2003

EXHIBIT "A"

**EXHIBIT "A"**

No. 01-40861
-2-

The district court granted Cantu a certificate of appealability ("COA") because this court had not yet addressed whether <u>Apprendi</u> can be applied retroactively to an initial 28 U.S.C. § 2255 motion. This court recently concluded that <u>Apprendi</u> does not apply retroactively to cases on initial collateral review. <u>See</u> <u>United States v. Brown</u>, 305 F.3d 304, 310 (5th Cir. 2002). In <u>Brown</u>, we stated that "<u>Apprendi</u> creates a new rule of criminal procedure which is not retroactively applicable to initial petitions under [28 U.S.C.] § 2255." <u>Id.</u> Therefore, Cantu's <u>Apprendi</u> claim fails.

Cantu also argues that his trial and appellate counsel rendered ineffective assistance. We do not reach these issues because Cantu has not expressly sought to expand the district court's grant of COA to include them. <u>See</u> <u>United States v. Kimler</u>, 150 F.3d 429, 431 (5th Cir. 1998)(party must expressly seek a COA on additional issues not certified by the district court).

AFFIRMED.

EXHIBIT "A"

EXHIBIT "A"

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 01-40861
Conference Calendar

D.C. Docket No. B-00-CV-154
B-97-CR-20-1

U.S. COURT OF APPEALS
**FILED**
DEC 12 2002
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

JAVIER LOPEZ CANTU

    Defendant - Appellant

United States District Court
Southern District of Texas
FILED
FEB 0 7 2003
Michael N. Milby
Clerk of Court

Appeal from the United States District Court for the
Southern District of Texas, Brownsville.

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: FEB 0 4 2003

RECEIVED
FEB 1 4 2003

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana

EXHIBIT "A"

FEB 0 4 2003

| BP-S308.052 | ADMINISTRATIVE DETENTION ORDER | CDFRM MAY 94 |
|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS |

EXHIBIT "B"  **INMATE COPY**  FCI BEAUMONT, TX.
Institution

Date/Time: DECEMBER 19, 2002 / 11:00 a.m.

TO: Special Housing Unit Officer

FROM: K.T. HANCOCK., Lieutenant (Name/Title)

11b

SUBJECT: Placement of CANTU, JAVIER UNIT # 74613-079, in Administrative Detention

_____(a) Is pending a hearing for a violation of Bureau regulations;

XXXX (b) Is pending investigation of a violation of Bureau regulations;

_____(c) Is pending investigation or trial for a criminal act;

_____(d) Is to be admitted to Administrative Detention

_____ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

\_\_\_\_\_ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____(e) Is in Holdover status pending.

_____(f) Is pending a Captains Review.

_____(g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention Pending transfer by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

**YOU ARE BEING PLACED IN ADMINISTRATIVE DETENTION IN KA UNIT PENDING AN INVESTIGATION INTO YOUR INVOLVEMENT IN THE DISTURBANCE THAT TOOK PLACE ON DECEMBER 18, 2002.**

**THIS TYPE OF DISRUPTIVE BEHAVIOR SEVERELY THREATENS THE SECURITY AND ORDERLY RUNNING OF THE INSTITUTION AND WILL NOT BE TOLERATED.**

The inmate received a copy of this Order on (date /time) DECEMBER 19, 2002 / 11:35 a.m.

Staff Witness Signature/Printed Name _____ Date DECEMBER 19, 2002

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status);
Copy - Captain;
Copy - Unit Manager;
Copy - Operation Supervisor - Administrative Detention Unit;
Copy - Central File
(This form may be replicated via WP)

EXHIBIT "B"

Replaces BP-308(52) of JAN 88

EXHIBIT "C"

**U.S. Department of Justice**
Federal Bureau of Prisons

**Inmate Personal Property Record—**
Institution: _____

| 1. Name: | 2. Register Number: | 3. Unit: | 4. Date and Time of Inventory |
|---|---|---|---|

5. Purpose of Inventory (check one that applies): Date and Time of Action: _____
a.___ Admission  b.___ Hospital  c.___ Writ  d._✓_ Transfer  e.___ Detention  f.___ Release
g.___ Incoming package  h.___ Other (specify)

6. Disposition (Disp.)
D – Donated   M – Mail   S – Storage
K – Keep in Possession
C – Contraband (Attach BP-Record-102)

7. Type of Property:

**a. Personally Owned Items**

| # | Article | Disp. |
|---|---|---|
| 2 | Batteries | |
| | Belt | |
| | Billfold | |
| | Books, reading hard___, soft___ | |
| | Books, religious hard___, soft___ | |
| | Brassiere | |
| | Cap, Hat | |
| | Coat | |
| | Coins | |
| | Comb | |
| | Combination lock | |
| | Dress | |
| | Driver's license | |
| | Earplugs | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| | Hair brush/pick | |
| | Handkerchief | |
| | Jacket | |
| | Jogging suit | |
| | Legal Materials | |
| | Letters | |
| | Magazines | |
| | Mirror | |
| | Nail Clippers | |
| | Pant/slacks | |
| | Pen, ballpoint | |
| | Pencils | |
| 1 | Personal papers | |
| | Photo album | |
| 3 | Photos | |

| # | Article | Disp. |
|---|---|---|
| | Plastic spoon, cup | |
| | Playing cards | |
| | Purse | |
| | Radio (w/earplug) | |
| | Religious medals | |
| | Ring | |
| | Shirt/blouse | |
| | Shoes | |
| | Shoes, shower | |
| | Shoes, slippers | |
| | Shoes, tennis | |
| | Shorts | |
| | Skirt | |
| | Slip | |
| | Social security card | |
| | Socks | |
| | Socks, athletic | |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| | Sweat pants | |
| | Sweat shirt | |
| | Trophy | |
| | T-Shirts | |
| | Underwear | |
| | Watch/watch band | |
| | Wig | |

**b. Hygiene, etc.**

| # | Article | Disp. |
|---|---|---|
| | Dental floss | |
| | Dentures | |
| | Deodorant | |
| | Hair oil | |
| | Noxzema | |
| | Powder | |
| | Razor | |
| | Razor blades | |
| | Shampoo | |
| | Shaving lotion | |
| | Skin lotion | |
| | Soap | |
| | Soap dish | |
| | Toothbrush | |
| | Toothpaste | |

**c. Hobbycrafts**

| # | Article | Disp. |
|---|---|---|

**d. Food/Tobacco Items**

| # | Article | Disp. |
|---|---|---|
| | Canned tobacco | |
| | Chewing tobacco | |
| | Cigarettes | |
| | Cigars, snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| | Honey, Hi-protein | |
| | Instant chocolate | |
| | Instant coffee | |
| | Instant tea | |
| | Pipe cleaner/filters | |
| | Pipes | |

**e. Miscellaneous** (List any damaged property and from where it was received; e.g., U.S. Marshal)

8. Items Alleged by Inmate to Have Value Over $100.00
Description of Property                                                                    Value Alleged by Inmate

☐ No individual item over $100.00

9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Receiving Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate: _____ Reg. No.: _____ Date: _____ Time: _____

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.
Comments

Printed Name/Signature of Releasing Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____ Reg. No.: _____ Date: _____ Time: _____

Original — Inmate's Central File; CC: Inmate, R & D, Special Housing

EXHIBIT "C"

BP-383(58)
October 1982

**EXHIBIT "D"**

## ADMINISTRATIVE DETENTION ORDER

Institution **FCI-EL RENO, OK**
Date/Time **07-30-2003 11:30 A.M.**

TO:   Special Housing Unit Officer

FROM: _____, (Name and Title)

SUBJECT: Placement of _CANTU, JAVIER_ Reg No _74613-079_ in Administrative Detention

___ a)   Is pending a hearing for violation of Bureau regulations
___     Is pending investigation of a violation of Bureau regulations
___ c)   Is pending investigation or trial for a criminal act;
_xxx_ d) Is to be admitted to Administrative Detention

   ___ 1)   Since the inmate has requested admission for protection:

   I hereby request placement in A/D for my protection.

   Inmate signature and number _____

   Staff witness (Printed/Signature) _____

   ___ 2)   Since a serious threat exists to the individual's safety as perceived by staff, although person has not requested admission, referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

___ e)   Is pending transfer or is in hold-over status pending transfer.
___ f)   Is pending classification; or
___ g)   Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a threat to life, property, self, other inmates, or to the security of or orderly running of the institution because

You have been placed in Administrative Detention _____
_____
_____
_____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date and time) _07-30-2003 11:30 a.m._
Staff witness Signature/Printed Name: _S. FELTON / _____:

**Inmate - Captain - Unit Manager - Operations Lieutenant - Central File**

**EXHIBIT "D"**

**EXHIBIT "E"**

U.S. Department of Justice  
Federal Bureau of Prisons

Inmate Personal Property Record—  
Institution: _____

| 1. Name: | 2. Register Number: | 3. Unit: | 4. Date and Time of Inventory |
|---|---|---|---|

5. Purpose of Inventory (check one that applies): Date and Time of Action: _____

a.___ Admission  b.___ Hospital  c.___ Writ  d.___ Transfer  e.___ Detention  f.___ Release  
g.___ Incoming package  h.___ Other (specify)

6. Disposition (Disp.)  
D – Donated   M – Mail   S – Storage  
K – Keep in Possession  
C – Contraband (Attach BP-Record-102)

7. Type of Property:

**a. Personally Owned Items**

| # | Article | Disp. |
|---|---|---|
| | Batteries | |
| | Belt | |
| | Billfold | |
| | Books, reading hard___ , soft___ | |
| | Books, religious hard___ , soft___ | |
| | Brassiere | |
| | Cap, Hat | |
| | Coat | |
| | Coins | |
| | Comb | |
| | Combination lock | |
| | Dress | |
| | Driver's license | |
| | Earplugs | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| | Hair brush/pick | |
| | Handkerchief | |
| | Jacket | |
| | Jogging suit | |
| | Legal Materials | |
| | Letters | |
| | Magazines | |
| | Mirror | |
| | Nail Clippers | |
| | Pant/slacks | |
| | Pen, ballpoint | |
| | Pencils | |
| | Personal papers | |
| | Photo album | |
| | Photos | |

| # | Article | Disp. |
|---|---|---|
| | Plastic spoon, cup | |
| | Playing cards | |
| | Purse | |
| | Radio (w/earplug) | |
| | Religious medals | |
| | Ring | |
| | Shirt/blouse | |
| | Shoes | |
| | Shoes, shower | |
| | Shoes, slippers | |
| | Shoes, tennis | |
| | Shorts | |
| | Skirt | |
| | Slip | |
| | Social security card | |
| | Socks | |
| | Socks, athletic | |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| | Sweat pants | |
| | Sweat shirt | |
| | Trophy | |
| | T-Shirts | |
| | Underwear | |
| | Watch/watch band | |
| | Wig | |

**b. Hygiene, etc.**

| # | Article | Disp. |
|---|---|---|
| | Dental floss | |
| | Dentures | |
| | Deodorant | |
| | Hair oil | |
| | Noxzema | |
| | Powder | |
| | Razor | |
| | Razor blades | |
| | Shampoo | |
| | Shaving lotion | |
| | Skin lotion | |
| | Soap | |
| | Soap dish | |
| | Toothbrush | |
| | Toothpaste | |

**c. Hobbycrafts**

| # | Article | Disp. |
|---|---|---|

**d. Food/Tobacco Items**

| # | Article | Disp. |
|---|---|---|
| | Canned tobacco | |
| | Chewing tobacco | |
| | Cigarettes | |
| | Cigars, snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| | Honey, Hi-protein | |
| | Instant chocolate | |
| | Instant coffee | |
| | Instant tea | |
| | Pipe cleaner/filters | |
| | Pipes | |

**e. Miscellaneous** (List any damaged property and from where it was received; e.g., U.S. Marshal)

8. Items Alleged by Inmate to Have Value Over $100.00  
Description of Property                Value Alleged by Inmate

☐ No individual item over $100.00

9. Article(s) Listed as "Mail" (M) Are to be Forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.  
Comments

Printed Name/Signature of Receiving Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate: _____ Reg. No.: _____ Date: _____ Time: _____

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.  
Comments

Printed Name/Signature of Releasing Officer: _____ Date: _____ Time: _____

I have today reviewed the property returned to me. Signature of Inmate _____ Reg. No.: _____ Date: _____ Time: _____

Original — Inmate's Central File; CC: Inmate, R & D, Special Housing          EXHIBIT "E"                    BP-383(58)