United States District Court
Southern District of Texas
ENTERED

DEC 2 2 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff-Appellee | § | CRIMINAL NO. |
| | § | B-97-CR-020 |
| v. | § | |
| | § | CIVIL NO. |
| JAVIER LOPEZ CANTU | § | B-00-CV-154 |
| Defendant-Appellant | § | |

## ORDER

Javier Lopez Cantu, Appellant, pro se, filed with this Court on the 10th day of October, 2003, a Motion for Certificate of Appealability 28 U.S.C. §2253(c)(2) Expanded To Supplemental Issues. Appellant asserts two grounds for relief through the application for a certificate of appealability. Appellant alleges a denial of his constitutional right guaranteed by the 6th Amendment as a result of ineffective assistance of counsel at the trial and appellate level. For the following reasons, the motion should be DENIED.

### PROCEDURAL BACKGROUND

Appellant was convicted on the 29th day of January, 1997, for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. Dkt filing No.1, B-97-CR-020. On the 17th day of July, 2001, Appellant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody was dismissed. Dkt filing No.8, B-97-CR-020. Thereafter, on the 26th day of July, 2001, Appellant filed a Notice of Appeal. Dkt. filing No.9, B-97-CR-020. Appellant's Application for Certificate of Appealability regarding an improper instruction as to quantity of drugs was filed in this Court on the 1st day of October, 2001, and subsequently granted by the district court on that issue. Dkt. filing No.12, B-97-CR-020. The Fifth Circuit Court of

Appeals affirms the conviction on the 12th day of December, 2002, in that Appellant's sentence fails to violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Furthermore, the Circuit Court does not address the issue of ineffective assistance of counsel because Appellant "has not expressly sought to expand the district court's grant of COA to include [such issues]." Dkt. filing No.13, B-97-CR-020. The Circuit Court relies on *United States v. Kimler*, stating a party must expressly seek a certificate of appealability on additional issues not certified by the district court. 150 F.3d 429, 431 (5th Cir. 1998). Now before this Court is Appellant's Motion for Certificate of Appealability (COA) 28 U.S.C. § 2253(c)(2) Expanded To Supplemental Issues, filed the 10th day of October, 2003.

### ALLEGATIONS

Defendant-Appellant alleges the following issues:

1) Defendant-Appellant was denied his Sixth Amendment right to effective assistance of counsel because Defendant-Appellant's trial counsel did not timely object to the court's instruction regarding the amount of controlled substance in possession; and

2) Defendant-Appellant was denied his Sixth Amendment right to effective assistance of counsel because Defendant-Appellant's appellate counsel did not assert on direct appeal that the district court used an incorrect instruction.

### ANALYSIS

A. <u>Certificate of Appealability</u>.

In order to appeal the denial of a habeas petition, a certificate of appealability (COA) must be obtained by the defendant. *Alexander v. Johnson*, 211 F.3d 895, 896 (5th Cir. 2000). The defendant cannot take an appeal to the court of appeals unless a circuit justice or a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b). If a defendant files a notice of appeal, a district judge must either issue a COA or state why a COA should not be issued. *Id.* If the

district judge denies a COA, the defendant may request a judge of the court of appeals to issue the certificate. *Id.*

A certificate of appealability may only be obtained if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), *reh'g denied*, 464 U.S. 874, 104 S.Ct. 209, 78 L.Ed.2d 185 (1983)). A COA must indicate which specific issue or issues satisfy the required substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

B. Ineffective Assistance of Counsel.

The constitutional right to counsel is interpreted as the right to effective counsel. *Herring v. Estelle*, 491 F.2d 125, 127 (5th Cir. 1974), *reh'g denied*, 493 F.2d 664 (5th Cir. 1974). Furthermore, counsel does not mean errorless counsel, but is interpreted as counsel reasonably likely to render assistance and rendering reasonably effective assistance. *Id.*; *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) quoting *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 697 (1984). The acuity of hindsight is not the proper lens to view ineffective assistance of counsel claims, and as such, counsel will not be subject to unrealistic standards. *Faubion*, 19 F.3d at 232.

In 1984, *Strickland v. Washington* established the standard for evaluating an ineffective assistance of counsel claim. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain habeas relief based on a claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was deficient and that the deficient performance of counsel prejudiced the defendant. *Id.* at 687, 104 S.Ct. at 2064.

On the first prong, or the cause prong of the *Strickland* standard, the defendant must show counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88, 104 S.Ct. at 2064-65. In addition, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 689, 104 S.Ct. at 2065. The objective standard of *Strickland* includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong, the prejudice prong, of the *Strickland* standard requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2067; *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). This prong is the linchpin, thus the defendant must demonstrate that counsel's deficient performance so prejudiced the defense that the proceeding was fundamentally unfair. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.

In deciding claims of ineffective assistance of counsel, the Court need not address both the cause and prejudice prongs of the *Strikland* standard, but may dispose of such a claim based solely

on an appellant's failure to meet either prong of the test. *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert denied*, 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994). A review of the trial transcript clearly reveals that the Appellant was represented by "counsel reasonably likely to render and rendering reasonably effective assistance" as required under *MacKenna*, 280 F.2d at 599 (5th Cir. 1960), *modified* 289 F.2d 928, *cert. denied* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961).

C. <u>Jury Instruction</u>.

When a jury charge is determined to be erroneous, federal habeas courts remain reluctant to grant relief based solely on such a determination. *Estelle v. McGuire*, 502 U.S. 62, 71-71, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The relevant inquiry into an improper jury instruction is whether the failure to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The Defendant claims ineffective assistance of counsel because counsel failed to object to an improper instruction given by the trial court. In short, the court clearly instructed the jury on the burden of proof and the sufficiency of the evidence. Record at 1310-1472 (4/25/97), *Cantu* (No. B-97-CR-020). Furthermore, the Court came to the finding that the Defendant was involved with more than 1,000 kilos of a controlled substance, to the extent of 10,300 kilos. Record at __ (4/26/97), *Cantu* (No. B-97-CR-020). Shown throughout the trial transcript, the evidence presented soundly supports the Court's finding.

Even if the instruction was erroneous, if the error is harmless, habeas corpus relief is not warranted. *Brecht v. Abrahamson*, 507 U.S. 619, 623-24, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

5

A federal habeas court may not grant relief on trial errors unless the petitioner demonstrates that the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 637-38, 113 S.Ct. 1710. The jury is presumed to have followed the instruction of the Court and defendant has failed to show the instruction had a substantial or injurious effect on the jury's decision.

D. Conclusion.

Defendant bases the ineffective assistance of counsel claim on the failure to object to the alleged erroneous instruction given by the Court. As stated above, to prevail on an ineffective assistance of counsel claim, Defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. As previously determined, the instruction in the Court's charge did not have a substantial and injurious effect or influence on the jury. Thus, Defendant cannot show any prejudice attendant to his counsel's conduct in failing to object to such instruction. It has been well prescribed in the past that "clairvoyance is not a required attribute of effective representation," and we will continue conformity with such theory today. *Cooks v. United States*, 461 F.2d 530 (5th Cir. 1972).

For the reasons set forth above, Petitioner's Motion For Certificate of Appealability (COA) 28 U.S.C. § 2253(c)(2) Expanded To Supplemental Issues is hereby DENIED.

Signed this the _22nd_ day of _December_, 2003, at Brownsville, Texas.

Filemon B. Vela
United States District Judge